Anton A. Ewing (not an attorney)
3307 Clairemont Drive #372
San Diego, CA 92117
619-719-9640 (do not telemarket)

Plaintiff

FILED

JUL 17 2025

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

# THE UNITED STATES FEDERAL DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anton A. Ewing, an individual, | ) Civil Case No.:24CV-2280- JO AHG |
| Plaintiff, | ) |
| | ) **Renewed Motion for Default Judgment** |
| vs. | ) |
| | ) **Memorandum of Points and Authorities** |
| EMIL YASHAYEV, an individual, | ) **TCPA 47 USC §227(b)(1)(A)** |
| ADS MANAGEMENT GROUP, LLC | ) **TCPA 47 USC §227(c)(5)** |
| | ) |
| Defendants. | ) **Date: Thursday September 25, 2025**<br>) **Time: 9:30 AM**<br>) **Courtroom: 4C**<br>) No oral argument unless ordered |

Plaintiff Anton A. Ewing ("Plaintiff"), hereby respectfully moves the Court to enter judgment by default against Defendant EMIL YASHAYEV, an individual and ADS MANAGEMENT GROUP, LLC, as follows:

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT - 2

24CV2280

1
2
3

# Table of Contents

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................... 5

SUMMARY OF LEGAL ANALSYS .................................................................................. 6

EVIDENCE OF DEFENDANT'S WRONGDOING ............................................................. 13

THREE FACTORS FOR AMOUNT OF DAMAGES ........................................................ 14

CONCLUSION .............................................................................................................. 15

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

24CV2280

1. Plaintiff Anton A. Ewing ("Ewing") hereby respectfully moves the Court, pursuant to Federal Rule of Civil Procedure 55(b), to enter default judgment against Defendant EMIL YASHAYEV (herein "Defendant Yashayev" or "Yashayev"), and Defendant ADS MANAGEMENT GROUP, LLC (herein "ADS MANAGEMENT GROUP"), for violation of the TCPA, 47 USC §227(b)(1) and (c)(5), and CIPA, PC §632.7 and §637.2, invasion of privacy, and illegal recording.

2. Paragraph 56 of the Complaint alleges 31 calls that violated §227(b) and §227(c).  Paragraph 87 of the Complaint alleges "First Claim For Relief" as §227(b)(1)(A) and §227(c)(5).  Paragraph 102 alleges "Second Claim For Relief" as PC §632.7 and PC §637.2.  Plaintiff is asking the Court for a judgment against defendant in the amount of $248,000 plus taxable costs.  The Complaint put Defendant on notice of 31 total violations of both TCPA code sections.  Those 31 calls violated the $1500 provision in §227(b) and the $1500 provision in §227(c).  At $3,000 per call under federal law and $5,000 per call under California law, that presents $248,000 under Title 47 and CIPA.

## PROCEDURAL HISTORY

3. The Complaint was filed on December 6, 2024 as ECF No. 1 and served on Defendants.  Defendant EMIL YASHAYEV defaulted on June 25, 2025 after he failed to file an Answer.  See ECF Nos 13 and 11.   Defendant ADS

24CV2280

MANAGEMENT GROUP, LLC was defaulted on April 14 as shown at ECF No. 6.  It has been just under a month since the default was entered and still no response from Defendants.  Many emails, letter and calls have been made to Yashayev and to his many attorneys as show in the declaration filed at ECF No. 10.  Still no response.  Defendants know about the case, they just do not want to either defend, take responsibility or pay.    Service was completed, the Answer was due.  It has been well over six months since service of the Complaint.

4.   Plaintiff now files a motion for default judgment against Defendant Yashayev and ADS MANAGEMENT GROUP, LLC.   The factors laid out in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) are set forth below.  Plaintiff also seeks injunctive relief as provided in the TCPA and as was requested in the Complaint.

**MEMORANDUM OF POINTS AND AUTHORITIES**

5.  Because of Defendant's repeated violations of the TCPA, Plaintiff is seeking and hereby respectfully requests an injunction against Defendant Yashayev ordering him to cease and desist from violating the TCPA.  Defendant Yashayev should be expressly warned that violating this Court's order could or may lead to a contempt citation after notice and an opportunity to be heard.

6.  The Complaint sets forth two causes of action:  willful and non-willful violation of §227(b), willful and non-willful violation of §227(c), and Penal Code §632.7.

24CV2280

7. The TCPA is a strict liability statute and thus Plaintiff is not required to prove duty, breach, causation and damages like the prima facie elements of a negligence case.  Plaintiff did not consent to the calls.  Plaintiff put his phone number on www.donotcall.gov well over 31 days prior to the initial call (years prior in fact).  Plaintiff was called with an ATDS (robo dialer) by the liable Defendant.  Plaintiff was called by Defendants with a prerecorded message that required him to press one to get to a live human.

### SUMMARY OF LEGAL ANALSYS

8. Upon default, the factual allegations in the complaint are taken as true, except those related to the amount of damages. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see* Fed. R. Civ. P. 8(b)(6).  Allegations of damages must be proven. *See Geddes, 559 F.2d at 560*. "The plaintiff is required to provide evidence of its damages, and the damages sought must not be different in kind or amount from those set forth in the complaint." *Amini Innovation Corp. v. KTY Int'l. Mktg.*, 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011) (citing *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003)).  When "proving-up" damages, admissible evidence supporting damage calculations is required. *Id.*

9. "Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the

24CV2280

plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. 6 Moore's Federal Practice para. 55-05[2], at 55-24 to 55-26." *Eitel v. McCool* (9th Cir. 1986) 782 F.2d 1470, 1471-1472.

### a. Possibility of Prejudice to the Plaintiffs

    i. There is a possibility of prejudice to a plaintiff when denying default judgment would leave them without an alternate recourse for recovery. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). "[In the absence of a default judgment, Plaintiff will be severely prejudiced because he will not be allowed to litigate his claims and will be effectively denied all relief." (*Id.* at 6.) Thus, this factor weighs in favor of granting default judgment.

### b. Merits of Plaintiff's Substantive Claim

    i. Under the second and third *Eitel* factors, the Court must examine whether the plaintiff has pled facts sufficient to establish and succeed on its claims. *See Eitel*, 782 F.2d at 1471.

24CV2280

These factors require the complaint "state a claim on which the plaintiff may recover." *PepsiCo*, 238 F. Supp. 2d at 1175. Plaintiffs argue they have stated a prima facie claim under the TCPA for both a willful and a negligent violation as well as CIPA violations under PC §637.2 and §632.7.

ii.  Under the TCPA, Plaintiff must establish that (1) the phone calls were made using an automatic telephone dialing system ("ATDS"); (2) they were the "called party;" and (3) that defendants did not have Plaintiff's prior consent to make the calls. 47 U.S.C. § 227(b)(1)(A)(iii); *Meyer v. Portfolio Recovery Associates, LLC*, 77 F.3d 1036, 1043 (9th Cir. 2012).

iii.  Under the first element, Plaintiff sufficiently alleged Defendant's calls to him were made using an ATDS. Regarding the second element, Plaintiff alleges he was the "called party" because the phone number Defendant dialed belonged to him. As for the last requirement, Plaintiff alleges he never gave Defendant consent to contact him and his numbers were on the Do Not Call list.  Thus, the Court should find Plaintiff pled sufficient facts to succeed on his TCPA claims.

iv.  Plaintiff alleged in the Complaint that Defendant recorded their

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT - 8

24CV2280

calls without warning, notice or permission.  See Complaint

paragraph 9, 62, and 104. Those facts are now, at this default

stage, taken as true.  PC §632.7 and §637.2 provides for $5,000

per call.  Damages are set by statute.

**c.  Sufficiency of the Complaint**

    i.  Humbly, the Complaint is drafted by a *pro se*.  Unfortunately,

Plaintiff is not up to the caliber of an attorney at law.  "[T]he

court must consider the amount of money at stake in relation to

the seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp.

2d at 1176. Default judgment is disfavored where the sum of

money at stake is too large or unreasonable in light of

defendant's actions. See *Totten v. Hurrell*, No. 00–2718, 2001

U.S. Dist. LEXIS 20259, at *2 (N.D. Cal. Nov. 28, 2001)

(stating that "the 'sum of money at stake' factor [under *Eitel*] is

meant to focus on the size of the award requested, as courts are

hesitant to enter default judgments where large sums of money

are at stake," and finding an award of $19,977.74 not a "large

money judgment" in today's world).  The $248,000 (31 x

$1,500 -§227(b) plus 31 x $1,500 - §227(c) plus 31 x $5,000 –

PC §637.2, requested by Plaintiff is not unreasonably large

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT - 9

given the large scale of Defendant Yashayev's operations.

Plaintiff also seeks an injunctive order prohibiting Defendant

from calling 619-719-9640 ever again.  This injunction request

is strictly limited to only Plaintiff phone and no others.

**d. Sum of Money at Stake**

    i. It is squarely within the Court's sound and complete discretion

to award treble damages or not.  Plaintiff requests $248,000 in

damages for the intentional or willful TCPA and CIPA

violations.  "If the court finds that the defendant willfully or

knowingly violated" the TCPA, it may award treble damages.

47 U.S.C. § 227(b)(3)(C).  Here, Defendants' willfulness is

clearly pled.  Plaintiff alleges significant facts regarding

Defendant's willfulness and intent.  The facts Plaintiff includes

go to willfulness are the fact that his phone numbers was placed

on the National Do Not Call Registry.  Ewing clearly posts on

his own web pages to not call.   While it is true that even a

single, non-consented to phone call violates the TCPA, there

must be something more than just the single call to constitute

willfulness, otherwise every violation of the TCPA would be

*per se* willful. Questions the complaint answers include whether

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT - 10

24CV2280

Defendant had prior knowledge of the phone number's registration on the Do Not Call List and that Defendant had a duty to check.   Defendant failed to honor his duties and further, Defendant was told, expressly, on the call to stop calling. Defendant's subsequent and further calls where most definitely willful and knowing violations of the TCPA.

ii. One court defines a willful violation as when a "Plaintiff notifies Defendant to stop calling and Defendant disregards the request." *Sapan v. Authority Tax Services, LLC*, Civil No. 13cv2782 JAH (JLB), 2014 WL 12493282, at *2 (S.D. Cal. July 15, 2014).  Here, Defendant Yashayev called Plaintiff 31 times.  That court stated "[t]he purpose of the TCPA is for defendants' to prevent repeated, unwanted telemarketing calls by honoring do-not-call requests." Other courts have acknowledged a split in authority as to "what predicate conduct is required before a treble damages awar[d] be issued." *J2 Global Communications, Inc. v. Blue Jay Inc.*, No. C 08-4254 PJH, 2009 WL 4572726, at *7 (N.D. Cal. Dec. 1, 2009) (noting the split is between (1) whether the defendant needs knowledge that their conduct violated the law and (2) whether that merely

24CV2280

sending the unsolicited communication was enough, even if the defendant had no knowledge it was breaking the law).

iii. Here, the Court should find enough in the Complaint to support a finding that Defendant Yashayev and Defendant ADS MANAGEMENT GROUP, LLC acted willfully or knowingly violated the law.   *See Sapan*, 2014 WL 12493282 at *3 (finding plaintiff sufficiently pled recovery of trebled damages when defendant made 72 phone calls without consent and while plaintiff's number was registered on the Do Not Call List). Importantly, this is not the first time these defendants have been sued for TCPA violations.

**e. Possibility of a Dispute Concerning Material Facts**

i. The next pertinent *Eitel* factor considers whether there are disputed material facts. "Upon entry of default, all well pleaded facts in the complaint are taken as true, except those relating to damages." *PepsiCo*, 238 F. Supp. 2d at 1177. Here, Plaintiff has alleged sufficient facts to support his claims as analyzed above. Moreover, because Defendants failed to participate in litigation, the clerk entered default against him, submitting all well pleaded facts as true. Thus, there is no dispute of material

24CV2280

facts and this factor favors the entry of default judgment against defendant.

### f.  If Default was Due to Excusable Neglect

    i.  There is no indication that defendant allowed its default to be taken as a result of excusable neglect.  After being served with the complaint, defendant simply failed to respond or even participate in defending themselves except to file several rejected motions.  The Court has nothing to support a finding that Defendant's neglect was excusable. Consequently, this factor weighs in favor of the entry of default judgment.

### g.  Policy Favoring Decisions on the Merits

    i.  Although default judgment is disfavored, a decision on the merits is impractical, if not impossible, when the Defendants take no part in the action. *Penpower Technology Ltd. v. S.P.C. Technology*, 627 F. Supp. 2d 1083, 1093 (N.D. Cal. 2008). Given that Defendants have failed to respond, the general preference for resolution on the merits is not equally applicable. *See, e.g.*, *id.*  In sum, the relevant considerations weigh in favor of entry of default judgment against Defendants.

### EVIDENCE OF DEFENDANT'S WRONGDOING

24CV2280

10. A standard practice of telemarketers is to use a rather simple telephone number ID spoofing application. Defendant has exactly done this. Spoofing is the act of deceptively faking another number for your own number on a caller ID of the recipient. Further, sophisticated telemarketers, like this Defendant, often use junk or throw-away numbers from Googlevoice. Anyone can obtain dozens of linked phone numbers from Googlevoice in a matter of seconds, for free. Telemarketers are getting more and more clever and cunning, just like Defendant Yashayev. Notwithstanding, Defendants used the numbers stated in the Complaint to call Ewing on the dates and times shown. Each call contains or justifies $1,500 for violating §227(b) by using an ATDS; plus $1,500 for violating §227(c) for calling a DNC registered phone, or plus $1,500 for failure to send a written copy of the DNC policy after express request therefor, or plus $1,500 for failure to identify caller in the beginning of each call.

### THREE FACTORS FOR AMOUNT OF DAMAGES

11. The Court must address three issues when considering TCPA damages. *See, e.g., Heidorn*, 2013 U.S. Dist. LEXIS 177166, 2013 WL 6571629 at *15-17; *j2 Global Commc'ns*, 2009 U.S. Dist. LEXIS 111609, 2009 WL 4572726 at *7-8; *Roylance v. ALG Real Estate Services, Inc.*, No. 5:14-cv-02445-PSG, 2015 U.S. Dist. LEXIS 44930, 2015 WL 1522244 (N.D. Cal. March 16, 2015) *adopted as modified by* No. 14-cv-02445-BLF, 2015 U.S. Dist. LEXIS

24CV2280

44933, 2015 WL 1544229 (N.D. Cal. April 3, 2015). First, the Court must determine the number of TCPA violations the Plaintiff has established. *Heidorn*, 2013 U.S. Dist. LEXIS 177166, 2013 WL 6571629 at *15; *Roylance*, 2015 U.S. Dist. LEXIS 44930, 2015 WL 1522244 at *9. Here, Ewing established multiple violations under §§ 227(b) and (c). Ewing establishes that each of the 31 calls that he received from Yashayev and ADS MANAGEMENT GROUP, LLC that violated the TCPA's prohibition on automated telephone calls. Ewing also establishes violations for failure to identify the caller[1] and 13 violations for initiating a call without an internal do-not-call policy available upon demand. Ewing establishes that the calls were made in violation of the national do-not-call list (registry) because he provides evidence that his number was on the list during the relevant time (Ewing registered 619-719-9640 on 2/16/2012 – all were at least 31 days prior to the offending calls).

### CONCLUSION

Wherefore, the Court should grant Plaintiff's motion for default judgment because the defaulted Defendant Yashayev and Defendant ADS MANAGEMENT GROUP, LLC have admitted to wrongdoing and default has been entered against them in this matter. Additionally, Plaintiff has shown that each of the *Eitel* factors tip the scales of justice toward entry of judgment as plead and proven. Finally, an

---

[1] Additionally, the Telemarketing Sales Rule from the FCC sets for that each telemarketer is required to disclose who they are at the beginning of the call. Defendant did not do this.

24CV2280

injunction prohibiting future harassing telephone calls is requested as provided in the TCPA because they are repeat offenders and very likely to re-offend.

Defendant Yashayev's actions are willful, wanton, malicious and done with an evil hand guided by an evil mind.

      Plaintiff thanks that Court for its time and effort in this matter.

Dated:  July 17, 2025

                              /s/ Anton A. Ewing___
                              Anton A. Ewing,
                              Plaintiff

24CV2280

**PROOF OF SERVICE**

I, Anton A. Ewing, am over age 18 and a pro se party to this case.  I served the attached Motion for Default Judgement on Defendant at:

EMIL YASHAYEV
30 Montgomery street, Suite 1200
Jersey city, NJ 07302

And

ADS Management Group, LLC
30 Montgomery street, Suite 1200
Jersey city, NJ 07302

**Zachary Z. Zermay, Esq**
**3000 Coral Way, Suite 1115**
**Coral Gables, FL33145**


Via first class US Mail with postage prepaid.

The above is true and correct under penalty of perjury.

Date:  July 17, 2025

_____
Anton A. Ewing

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT - 17

24CV2280